IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:03CR3124 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| BRIAN SCHLEICHER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody ("§ 2255 motion") filed by the defendant, Brian Schleicher ("Schleicher") (filing 48).[1] The motion was filed on March 14, 2005, within one year after Schleicher's conviction became final.[2] Also pending is a motion for appointment of counsel (filing 49).

On April 23, 2004, Schleicher was sentenced by the undersigned to a term of 283 months imprisonment, followed by 5 years of supervised release, after he pleaded

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[2] Schleicher's § 2255 motion erroneously states that the judgment of conviction was entered on April 16, 2003.

guilty to one court of conspiracy to distribute and possess with intent to distribute methamphetamine. The prison term was ordered to run concurrently with a state-court sentence that Schleicher began serving on August 7, 2003. No direct appeal was taken.

Schleicher claims that he received ineffective assistance of counsel, in that his attorney allegedly (1) coerced Schleicher into participating in a proffer interview and failed to advise him beforehand that his self-incriminating statements could be used at trial,[3] (2) failed to provide Schleicher with all discovery materials, and (3) failed to object to enhancement factors at sentencing. It plainly appears that each of these claims is without merit.

In order to prevail on a claim of ineffective assistance of counsel, Schleicher must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Nguyen v. United States, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

---

[3] In addition to this specific claim, Schleicher generally alleges that "after the coerced interview" he "filed a motion for misrepresentation by counsel" because he "felt there was a conflict of interest," that his attorney "never tried to represent [him], all he did was try and convict [him]." (Filing 48, paragraph 12C.)

When a guilty plea is challenged under the second prong of the Strickland test the "defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial." Nguyen, 114 F.3d at 704 (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Id., at 703 (internal quotations and citation omitted).

The first claim presented by Schleicher, concerning his proffer interview, was the subject of two hearings held by Magistrate Judge Piester, on December 1, 2003, and December 30, 2003, after Schleicher filed pro se motions for appointment of new counsel and suppression of evidence (filings 14 and 19). The motions were denied. Judge Piester also conducted Shleicher's guilty plea hearing on February 4, 2004,[4] during which Schleicher testified he was completely satisfied with his attorney's performance. (Filing 35, p. 7.) No new facts are alleged that would permit granting relief under § 2255 because of the proffer interview or because of Schleicher's more generalized claim that there was a "conflict of interest" between his attorney and him.

Schleicher alleges for his second claim that his attorney neglected to inform him until the day of sentencing that the government had evidence of an additional five kilograms of methamphetamine for which he was being held responsible. This topic was fully explored by the undersigned at the sentencing hearing, where it was explained that any change in the evidence was immaterial because the amount of drugs for which Schleicher was being held responsible (8.64 kilograms) was within the range for a base offense level of 36, as stipulated to in the plea agreement (5 to 15 kilograms). (Filing 46, pp. 3-7.) In other words, even if there was new evidence

---

[4] Judge Piester recommended that the guilty plea be accepted (filing 31), and I adopted that recommendation on February 19, 2004 (filing 36).

concerning drug quantities, it had no effect on the length of Schleicher's sentence. Schleicher stated that he understood this explanation and did not wish to withdraw his plea. (Id., pp. 6-7.)

For his final claim, Schleicher alleges that his attorney should have objected to his base offense level being enhanced "from a level 28 to a level 36" and to "another 2 point enhancement for a gun." Again, however, these are matters that were covered in the plea agreement. See filing 30, paragraph 11 ("The parties agree that Brian Edward Schleicher, is responsible beyond a reasonable doubt for at least 5 kilograms but less than 15 kilograms of a mixture or substance containing a detectable amount of methamphetamine, which falls within the range for a base offense level of 36, and that Brian Edward Schleicher should receive a two-level enhancement in offense level, pursuant to U.S.S.G. §2D1.1(b)(1) making his offense level 38, prior to any reduction in offense level for acceptance of responsibility as set out in paragraph 2.").

In summary, Schleicher has made no credible allegations of fact to support a finding that he received ineffective assistance of counsel. As a consequence, his § 2255 motion will be summarily dismissed.

IT IS ORDERED:

1. Defendant's § 2255 motion (filing 48) is dismissed;
2. Defendant's motion for appointment of counsel (filing 49) with respect to the § 2255 motion is denied; and
3. Judgment shall be entered by separate document.

DATED: May 4, 2005.    BY THE COURT:

s/ Richard G. Kopf
United States District Judge